IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30379
Summary Calendar
_____

WOODROW WILSON CONSTRUCTION COMPANY, INC.,

                                              Appellant,

versus

HANCOCK BANK OF LOUISIANA,

                                              Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-1850
--------------------
February 19, 2003
Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    This case arises from a dispute over the requirements of a consent agreement entered among Rabalais Masonry, Inc., Woodrow Wilson Construction Company, Inc. (appellant), and Hancock Bank of Louisiana (appellee). The appellant contends that a portion of a payment that it made to appellee on behalf of Rabalais, pursuant to the terms of the consent agreement, was made in error, and seeks the return of such sum.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

On August 17, 2001, the bankruptcy court granted appellee's motion to dismiss appellant's claim, premised upon La. Civ. C. arts. 2298 (enrichment without cause) and 2299 (payment of a thing not owed), and denied appellant's motion to amend its complaint. The district court, acting in its appellate capacity, affirmed the decision of the bankruptcy court on March 7, 2002.

Although we are sorely tempted to dismiss this appeal with prejudice for the appellant's failure to adequately brief the issues as required by the Federal Rules of Appellate Procedure, we will give the appellant the benefit of the doubt and rule on the merits. *See* Fed. R. App. P. 28(a)(6) (requiring "the contentions of the appellant on the issues presented, *and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on.*") (emphasis added).

It is well-settled that we review the decision to grant a motion to dismiss de novo. *Copeland v. Wasserstein, Parella, & Co. Inc.,* 278 F.3d 472, 477 (5th Cir. 2002). The central issue is whether the appellant's complaint, when viewed in the light most favorable to the appellant, states a valid claim for relief. *Id.* We review a court's decision to deny a motion to amend for abuse of discretion. *Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 872 (5th Cir. 2000).

After reviewing the record and considering the arguments presented, we conclude that, for the reasons given in the careful

opinions of both the bankruptcy and district court judges, the appellant has not stated a claim for which relief can be granted.

Further, the refusal to permit the appellant to amend its complaint was appropriately denied on the basis of futility. *See Stripling,* 234 F. 3d at 872 (holding that it is within a district court's discretion to deny a motion to amend if the amended complaint would fail to state a claim upon which relief could be granted).

Accordingly, the bankruptcy court's order dismissing the complaint and denying the motion to amend is AFFIRMED.